NOT DESIGNATED FOR PUBLICATION

Nos. 113,714
113,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANA LYNN STONE,
*Appellant*.


MEMORANDUM OPINION


Appeal from Cowley District Court; JAMES T. PRINGLE, judge. Opinion filed October 30, 2015. Affirmed.


Submitted for summary disposition pursuant to K.S.A. 2014 Supp. 21-6820(g) and (h).


Before MALONE, C.J., PIERRON and SCHROEDER, JJ.


*Per Curiam*:  Dana Lynn Stone appeals the district court's decision revoking her probation and ordering her to serve her underlying prison sentences in two separate cases which have been consolidated on appeal. We granted Stone's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2014 Kan. Ct. R. Annot. 66). The State filed a response and requested that the district court's judgment be affirmed.


In 14CR327, Stone was convicted of theft of property after two or more prior theft convictions. On December 4, 2014, the district court imposed a sentence of 13 months' imprisonment and placed Stone on probation with community corrections for 12 months.

1

In 14CR388, Stone was convicted of one count of possession of a controlled substance. On December 4, 2014, the district court imposed a sentence of 32 months' imprisonment, consecutive to the sentence in 14CR327, and placed Stone on probation with community corrections for 18 months.

On February 19, 2015, Stone stipulated to violating the conditions of her probation in both cases by committing and being convicted of a new crime, failing to report to her probation officer, and possessing drugs. She asked for reinstatement of her probation, but the district court revoked Stone's probation in each case and ordered her to serve her underlying prison sentences. Stone timely appealed her probation revocation and the separate cases were consolidated on appeal.

On appeal, Stone contends that the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentences. However, Stone acknowledges that the decision to revoke probation rests within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, Stone received probation in two separate cases. However, the probation never got off the ground before she committed and was convicted of a new crime. The district court's decision to revoke Stone's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Stone's probation and ordering her to serve her underlying prison sentences.

Affirmed.